United States District Court
Southern District of Texas
FILED

OCT 19 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas
**ENTERED**
October 19, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MICHAEL DONNELL PRUITT, | § |
| Plaintiff, | § § § |
| VS. | § § MISC. ACTION NO. 7:16-MC-1007 |
| KRISTOPHER HUERTA, *et al.*, | § § § |
| Defendants. | § |

## REPORT AND RECOMMENDATION

Plaintiff Michael Donnell Pruitt, a state pretrial detainee proceeding pro se, initiated this action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1-2.) Plaintiff sought to bring civil rights claims against a witness who accused him of armed robbery and the deputy constable who arrested him. About three weeks before filing this action, Plaintiff had filed three other lawsuits relating to the same criminal prosecution and alleging almost identical claims. Although the undersigned advised Plaintiff of a deficiency in his application to proceed in forma pauperis, Plaintiff failed to correct it and has taken no other action. For the reasons explained below, this action should be dismissed both because it is duplicative and because Plaintiff has failed to prosecute it.

## I. BACKGROUND

Plaintiff filed three civil rights actions in the Houston Division of the Southern District of Texas on the same day, May 27, 2016. *Pruitt v. Lewis et al.*, Civil No. 4:16-cv-1520; *Pruitt v. Huerta et al.*, Civil No. 4:16-cv-1522; *Pruitt v. Huerta et al.*, Civil No. 4:16-cv-1525. All three lawsuits attempted to assert § 1983 claims relating to his then-pending criminal prosecution. All three complaints alleged almost identical claims, although the defendants varied somewhat in

each case. Plaintiff named as defendants the deputy constable who arrested him, Kristopher Huerta, and the prosecutor.

About three weeks after filing those related lawsuits, Plaintiff filed this action in the McAllen Division. He again names Mr. Huerta as a defendant and adds Daniel Roberts, who was apparently the complaining witness. (*See* Docket No. 1-2, at 3.) Along with his proposed Complaint, Plaintiff filed an application to proceed in forma pauperis. (Docket Nos. 1, 2.)

Before addressing various problems with Plaintiff's attempted lawsuit, the undersigned entered an order explaining to Plaintiff that "[i]n order to qualify to proceed in forma pauperis, a prisoner must provide financial information to show that he is 'unable to pay' the fee." (Docket No. 3, at 1.) Plaintiff was advised that "he failed to include a certified statement of his inmate trust fund account for the six-month period preceding the filing of this action" and that "such an account statement" was required "in order to qualify to proceed in forma pauperis." (*Id.*; citing 28 U.S.C. § 1915(a)(2).) Plaintiff was directed to either pay the filing fee or to file a properly supported application to proceed in forma pauperis within thirty (30) days. (*Id.* at 2.) Plaintiff responded to the order; however, he did not file his account statement as required by statute. (Docket Nos. 4, 5.)

Plaintiff was also informed that he "must keep the Clerk advised in writing of his current address and promptly file a change of address when necessary." (Docket No. 3, at 2; Docket No. 6, at 2.) Plaintiff was warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (Docket No. 3, at 2 (emphasis in original); Docket No. 6, at 2.) Since filing his deficient amended IFP application, Plaintiff has taken no further action in this case. The most recent order sent to Plaintiff was returned as "not deliverable." (Docket Nos. 18, 20.)

2

## II. ANALYSIS

Plaintiff sought to file this civil rights action in forma pauperis. Where a prisoner seeks to proceed IFP, a federal "court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). As the Fifth Circuit has recognized, a district court may dismiss as "malicious" a prisoner's complaint that duplicates allegations of another federal lawsuit filed by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (agreeing with the district court that "it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"); *see also Wesley v. LeBlanc*, 815 F. App'x 817, 818 (5th Cir. 2020) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in a previous or pending litigation.") (citations omitted).

Here, Plaintiff's instant action is "duplicative" of his three Houston lawsuits since all four cases involve "the same series of events" and he is alleging "many of the same facts as an earlier suit." *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 Fed. App'x 341, 343–44 (5th Cir. 2013) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). Although Plaintiff named one different defendant in this case, it is still duplicative of his other lawsuits. *Lewis*, 508 Fed. App'x at 344 n.2 ("That the instant complaint names three different defendants does not change the result.") (citing *Bailey*, 846 F.2d at 1021). Plaintiff's duplicative lawsuit should be dismissed as malicious.

Plaintiff's claims are also subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*,

835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a filing fee for a person seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1) & (2). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

This civil rights action should be dismissed for failure to prosecute because Plaintiff failed to pay the filing fee and failed to comply with the court order directing him to correct the deficiency in his IFP application. *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *see also Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee). Plaintiff also failed to provide an updated address and has taken no further action in this case.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that this action be DISMISSED.

## NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 19, 2020.

_____
Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE